INHABITANTS OF BETHEL *versus* MIGHILL MASON & *als.*

One having given bond and acted in the capacity of collector of taxes, is estopped to contest the legality of his election.

It is no defence to a suit on a collector's bond, that the assessment preparatory to issuing the tax list, was not signed by the assessors.

A collector is protected by tax bills, accompanied with the collector's warrant prescribed by the statute, and signed by the assessors having jurisdiction.

ON REPORT.

DEBT on a collector's bond.

The principal defendant, at the annual meeting, bid off the collection of taxes for 1863, at four mills on the dollar. The town having neglected to choose him collector, he contended that his bid was not binding upon him, and claimed five per cent. The remaining facts are sufficiently stated in the opinion.

*W. W. Virgin*, for the plaintiffs, cited *Kellar* v. *Savage*, 20 Maine, 199; R. S., c. 6, § 56; *Lowe* v. *Weld*, 52 Maine, 588; *Trescott* v. *Moan*, 50 Maine, 347; *Scarborough* v. *Parker*, 53 Maine, 252.

*D. Hammons*, for the defendants, cited R. S., c. 6, §§ 86 and 56; *Foxcroft* v. *Nevins*, 4 Maine, 72; *Johnson* v. *Coolidge*, 15 Maine, 29; *Colby* v. *Russell*, 3 Maine, 227.

CUTTING, J. — Debt on a collector's bond, dated June 1, 1863, the condition of which is, — "That Mighill Mason is appointed collector of taxes for the town of Bethel for the year A. D. 1863. Now if said Mighill Mason performs all the duties of said collector, and pays to the treasurer of the State, county and town, according to the commitment of said selectmen, then this obligation is void, otherwise, to remain in full force and virtue."

It appears that, after the plaintiffs had introduced their record evidence, tending to show a legal assessment and a

commitment to the principal defendant as collector, they introduced one David F. Brown, who testified that " he was treasurer of Bethel in 1863. Mighill Mason accounted to me, as treasurer, for $5295,33. He settled with me, March 2, 1864. I asked him why he did not pay the balance. He said the balance, amounting to $396,33, he claimed for collecting."

Thereupon Mighill Mason was introduced in defence, when he disclosed on oath as follows : viz., — " That when he paid said Brown, March 2, 1864, said sum of $5295,33, he paid over to him a sum much larger than he ·had collected ; that there still remained upon said tax lists uncollected between $1300 and $1400 ; that, at the time of the date or service of the writ, he had not in his hands one cent collected on said list, — had no authority to collect any tax except what is contained in the tax list now produced, — was never sworn as collector, — never received any appointment as collector, except what is contained in the bond, — made no agreement as to what compensation I was to have, — claimed 5-100 for collecting, — told Brown I would pay all but 5-100,— claimed to owe the town nothing." On cross-examination· he further testified : — " I bid off the collection for four mills per dollar in 1863. I have collected taxes in Bethel for ten years. I collected taxes in 1864 for three mills per dollar. Also, I wrote the bond in suit. The assessors came to my shop and delivered me the tax bills in five minutes after they took the bond, in the fore part of June, 1863."

 Upon the foregoing evidence, it is manifest, that on March 2, 1864, when Mighill Mason settled with, and paid the treasurer the amount of the tax list committed to him, except for the sum of $396,33, he claimed that sum as the percentage for his collections. Whereas, the treasurer contended, as the plaintiffs now insist, that he was entitled only to four-tenths of one per cent. Section 82 of c. 6, of R. S., of 1857, provides that, —

" The voters of a town, when they choose constables, may choose a collector or collectors of taxes, and agree what sum

Inhabitants of Bethel *v.* Mason.

shall be allowed as a compensation for the performance of their duties; but if those chosen refuse to serve, or none are chosen, the constable or constables shall collect the taxes."

Now, the principal defendant admits and the town records show, that he bid off the collection for four mills on a dollar and produced the names of his bondsmen, the other defendants, who, as such, were accepted by the town. Here then was an offer made by Mighill Mason and accepted by the town, which proceeding constituted an express contract.

But the defendant contends that he was not chosen collector and was not qualified by an oath, as required by the statute, faithfully to perform the duties of that office. However that may be, it sufficiently appears that he was armed with the tax bills accompanied with a warrant prescribed by the statute, signed by the assessors having jurisdiction over the subject matter. Those were a sufficient protection to him, especially since no evidence has been offered that any tax payer has ever objected to pay an assessment, upon the ground of any pretended illegality. This principle is enunciated in *Kellar* v. *Savage*, 20 Maine, 199, and *Tremont* v. *Clark*, 33 Maine, 482, to which cases we refer as an answer to the defendants' objections.

*Defendants defaulted.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.

TAPLEY, J., concurred in the result.